OPINION
On December 31, 1997, the Tuscarawas County Grand Jury indicted appellant, Robert Schnuck, on two counts of assaulting a peace officer in violation of R.C. 2903.13. Said charge arose from an incident involving a jail administrator while appellant was incarcerated in the Tuscarawas County Jail. On December 1, 1999, appellant pled no contest to an amended indictment containing one count. By judgment entry filed same date, the trial court found appellant guilty. By judgment entry filed January 18, 2000, the trial court sentenced appellant to twelve months in prison, and ordered appellant to pay restitution in the amount of $6,266.00, $96.00 to the Tuscarawas County Sheriff and $6,170.00 to the Ohio Bureau of Worker's Compensation. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT BELOW ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT IMPOSED A RESTITUTION WITHOUT HOLDING A HEARING TO DETERMINE WHETHER THE OFFENDER IS ABLE TO PAY THE SANCTION.
 I
Appellant claims the trial court erred in imposing a restitution order without first holding a hearing to determine whether he was able to pay. We disagree. By judgment entry filed January 18, 2000, the trial court ordered the following restitution:
It is further Ordered that the defendant is to pay restitution in the amount of $96.00 to the Tuscarawas County Sheriff, 2295 Reiser Avenue SE, New Philadelphia, Ohio, 44663; and $6,170.00 to the Ohio Bureau of Worker's Compensation, Canton Services Officer, 4895 Dressler Road NW, PO Box 35545, Canton, Ohio, 44735, for the losses incurred by the victim herein.
R.C. 2929.18(A)(1) provides the following: (A) Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section or, in the circumstances specified in section 2929.25 of the Revised Code, may impose upon the offender a fine in accordance with that section. * * * Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
 (1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss.
Subsection (E) states "[a] court that imposes a financial sanction upon an offender may hold a hearing if necessary to determine whether the offender is able to pay the sanction or is likely in the future to be able to pay it." We note there is no mandatory language in the statute for the trial court to hold a hearing. At the sentencing hearing, appellant testified he has previous work experience in Mansfield, Ohio as a drywaller, has been employed at a festival and receives social security benefits. T. at 6-7. Appellant never requested a hearing on ability to pay. Furthermore, as this writer has stated in a dissent in City of Alliance v. McDonald (April 24, 1995), Stark App. No. 1994CA00295, unreported, the imposition of a restitution order is not a final appealable order until a hearing is held to enforce payment. The sole assignment of error is denied. The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed. By Farmer, J. Gwin, P.J. concur. Hoffman, J. concurs separately.